| | | | |
|---|---|---|---|
| | AUSA: | Andrew Picek | Telephone: (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Jimmie Pharr | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
### for the

## Eastern District of Michigan

United States of America
   v.

Melvin Timothy Allen

Case No.

Case: 2:26−mj−30367
Assigned To : Unassigned
Assign. Date : 6/17/2026
Description: CMP USA V. ALLEN (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 17, 2026 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute Controlled Substances |
| 18 U.S.C. § 922(g)(1) | Felon in possession of Ammunition |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jimmie Pharr, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: _____ June 17, 2026 _____

_____
*Judge's signature*

City and state: _____ Detroit, MI _____

Hon. Kimberly G. Altman, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jimmie Pharr, Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, hereby depose and state as follows:

### I.   INTRODUCTION

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives since January 17, 2016. I am currently assigned to the Detroit Field Division.  I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior. I was also employed as a Detroit Police Officer for the City of Detroit for approximately three years, 2013-2016. During

my employment with the Detroit Police Department, I conducted and participated in numerous criminal investigations focused on individuals who illegally possessed firearms and narcotics.

2. This affidavit is in support of an application for an arrest warrant for Melvin ALLEN (DOB: XX/XX/XX75) for the crimes of possession with intent to distribute controlled substances, in violation of Title 21, U.S.C. § 841(a)(1), and felon in possession of ammunition, in violation of Title 18, U.S.C. § 922(g)(1).

3. The facts in this affidavit come from my personal observations, training, experience, and information obtained from ATF Special Agents, Task Force Officers, Police Officers, Detectives, and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all information known to law enforcement regarding this investigation.

## II.   SUMMARY OF THE INVESTIGATION

4. In April of 2026, I began an investigation into Melvin Tim ALLEN, a convicted felon, for violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). ALLEN is a suspect in a non-

fatal shooting on October 15, 2025, where his red Dodge pickup truck was seen in the area during the shooting. A juvenile male was injured in the shooting.

5.   On June 3, 2026, and June 26, 2026, Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Pharr swore to and obtained sealed federal search warrants for two residences (one on Hubbard Street, the other on Morrell Street) in Detroit. Through my investigation of ALLEN, including surveillance and obtaining his phone location with a search warrant, showed that ALLEN regularly stayed the night at both residences.

6.   On June 17, 2026, at approximately 6:10 a.m., ATF law enforcement personnel wearing fully marked "POLICE" and/or "ATF" identifiers arrived the Hubbard Street location. Agents knocked and announced "POLICE SEARCH WARRANT OPEN THE DOOR" multiple times. Agents then forced entry into the residence. ALLEN was immediately encountered in the kitchen area of the residence and was detained. The entry team proceeded to conduct a protective sweep of the residence and

encountered an adult female and a child. Once the entry team secured the residence, agents searched the residence.

7.   During the search of the residence, law enforcement officers recovered a clear knotted sandwich bag containing 7 smaller clear knotted bags of suspected cocaine, containing a combined total of approximately 6 grams of suspect cocaine. The 6 grams of cocaine was found next to ALLEN's phone and wallet on the windowsill in the primary bedroom. Law enforcement also recovered a clear knotted bag totaling approximately 17 grams of suspected cocaine from on top of the refrigerator in a sugar cookie box. The suspected cocaine was later field tested and confirmed to be cocaine. Agents spoke with the adult female, who stated the narcotics were not hers.

8.   Agents then executed the federal search warrant at the Morrell Street residence. As agents were approaching the residence, agents encountered an adult male, an adult female, and four children at the residence.

9.   During the search of the residence, law enforcement officers recovered a clear knotted sandwich bag containing

4

approximately 30 grams of suspected cocaine. The suspected cocaine was later field tested and confirmed to be cocaine. The cocaine was found in a basement bedroom in a male's jacket. ALLEN's vehicle registration and medication prescription was also located in the same room with other male clothing and narcotic packaging material. A round of .40 caliber ammunition was also found on the floor in the basement room. Multiple boxes containing .40 caliber ammunition were also found in the basement rafters in the same area.

10. It is my opinion, based upon my training and experience, the amount of cocaine in both locations, and the manner of packaging, including the multiple individual baggies, along with the other items found in both locations, that the cocaine was intended for distribution by ALLEN.

11. I interviewed the adult female at the residence, who stated that the clothes in the basement belong to a relative of her husband who lives out of state, although ALLEN's prescription medication bottle, mail, and vehicle title were all found in the basement room.

5

12. ALLEN was convicted in 1992 of 4 Counts of Assault with Intent to Commit Great Bodily Harm Less than Murder and 1 Count of Assault with Intent to Commit Murder in the Third Circuit Court, Wayne County, Michigan, case number 92-2690. In February 1993, ALLEN was convicted of 3 counts of Armed Robbery and 1 count of felony firearm, Third Circuit Court, Wayne County, Michigan, case number 92009033-01-FC. In December 2017, ALLEN was convicted of Attempted controlled substance delivery/manufacture narcotic/cocaine, 50–449 grams and Felony Firearm (2nd Offense) in the Third Circuit Court, Wayne County, Michigan, case number 17001563-01-FH.

13. I am a trained ATF Interstate Nexus Agent and have inspected the round of .40 caliber ammunition from the bedroom floor on Morrell Street, and the boxes of .40 caliber ammunition from the basement rafters. Based on my training and experience, I know that the ammunition was not manufactured in the state of Michigan and therefore travelled in and affected interstate commerce.

6

## III.  CONCLUSION

14.  Based on the facts, probable cause exists that Melvin ALLEN, possessed a controlled substance, cocaine, with intent to distribute that controlled substance, in violation of Title 21, U.S.C. § 841(a)(1); and that ALLEN possessed ammunition as a convicted felon, in violation of Title 18, U.S.C. § 922(g)(1).

_____
Jimmie Pharr, Special Agent,
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
HON. Kimberly G. Altman
UNITED STATES MAGISTRATE JUDGE

Dated:    June 17, 2026

7